R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTES**

| | |
|---|---|
| MINDEN PICTURES INC.,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESSWAY MOTORS INC.,<br><br>Defendant. | **Case No.:** |

**COMPLAINT AND JURY DEMAND**

The plaintiff Minden Pictures Inc. ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against the defendant Expressway Motors Inc. ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501 and a violation of § 1202 of the Digital Millennium Copyright Act. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

2. Plaintiff is a California Corporation with a principal place of business at 9565 Soquel Drive, Suite 202, Aptos, California, 95003.

3. Upon information and belief, the Defendant is a foreign corporation operating a principal place of business at 700 Morrissey Boulevard, Dorchester, Massachusetts, 02122.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

7. Plaintiff is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories, with a collection that covers key aspects of natural history, ecology, biodiversity and endangered species from all continents including many remote and isolated regions. Its photographic works represent the finest images by an award-winning group of natural history photographers including many regular contributors to National Geographic and are represented in collections by Nature Picture Library, National Geographic, Frank Lane Picture Agency, Nature in Stock, Buiten-beeld, Biosphoto, Birdimagency, Auscape, Hedgehog House, San Diego Zoo and

Amana.

8. Plaintiff licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

9. Plaintiff is the exclusive licensee of the photographic image by the celebrated photographer Tim Fitzharris at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

10. Plaintiff displayed the Copyrighted Work with watermarks and metadata containing copyright management information, making it obvious that Plaintiff's authorization was needed for use of the Copyrighted Work.

11. The Copyrighted Work is an original work of authorship.

12. Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work.

13. On behalf of Mr. Fitzharris, Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit B is copy of the certificate for registration obtained from the United States Copyright Office.

**B. Defendant's Unlawful Activities**

14. Plaintiff has discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

15. Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization, at the website www.expresswaytoyota.com, screenshots of which are attached hereto as Exhibit C.

16. Plaintiff caused a number of notifications of infringement to be sent to Defendant and sought a licensing fee for Defendants' use of the Copyrighted Work.

17. To date, no licensing fee has been paid and Defendant's infringement continues.

18. Upon information and belief, Defendant's infringement is willful and knowing.

19. Upon information and belief, Defendant knowingly removed Plaintiffs watermark and copyright management information to conceal Defendant's infringement of Plaintiff's Copyrighted Work.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

20. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

21. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

22. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

23. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

24. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing website.

25. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

26. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

27. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

28. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

29. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

30. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT
## (17 U.S.C. § 1202)

31. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

32. The Copyrighted Work contained copyright management information.

33. Upon information and belief, Defendant intentionally removed copyright management information from the Copyrighted Work.

34. Upon information and belief, Defendant removed and/or altered copyright management information knowing or having reasonable grounds to know that such actions would conceal its infringement of Plaintiff's copyright.

35. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

36. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

37. By reason of Defendant's violations of the Digital Millennium Copyright Act, Plaintiff has sustained and will continue to sustain substantial injuries.

38. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

39. At his election, and in lieu of Defendant's profits derived from its violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act.

40. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. A declaration that Defendant has violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

8. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

9. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

10. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

11. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

12. Permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

13. For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 29, 2020

Respectfully submitted,

RATH, YOUNG & PIGNATELLI, P.C.

*/s/ R. Terry Parker*
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Minden Pictures, Inc.*